**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHARLES MORAN** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CAUSE NO.:** |
| **v.** | § | |
| | § | |
| **SIGNET MARITIME CORPORATION and SIGNET MARITIME SERVICES, INC.** | § | |
| | § | ________________________ |
| | § | |
| **Defendants.** | § | |

**SIGNET MARITIME CORPORATION'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**INTRODUCTION**

1. Pursuant U.S.C. §1332(a), 28 U.S.C. §1441(a), 28 U.S.C. §1441(b), and in compliance with 28 U.S.C. §1446, Signet Maritime Corporation ("Signet") timely removes this civil state court action brought by Charles Moran ("Plaintiff") to the United States District Court for the Southern District of Texas, Houston Division. The civil action is pending in 113th State District Court in Harris County as Cause No. 2021-82796; *Charles Moran v. Signet Maritime Corporation and Signet Maritime Services, Inc.* (the "State Court Action"). Plaintiff has requested a jury trial.

2. Removal to the United States District Court for the Southern District of Texas, Houston Division, is proper because:

a. Plaintiff Charles Moran is a resident of Calcasieu Parish, Louisiana;

b. Defendant Signet Maritime Corporation is a Delaware corporation with its principal place of business located at 1300 Post Oak Blvd, Suite 600, Houston, Texas 77056-3059. Signet Maritime Corporation has not been served;

c. Defendant Signet Maritime Services, Inc. is a Delaware corporation with its

principal place of business located at 1300 Post Oak Blvd, Suite 600, Houston, Texas 77056-3059. Signet Maritime Services, Inc. has not been served;

d. The District Court of the United States has original subject matter jurisdiction (diversity) of this action because (a) this is a civil action between citizens of different states; and (b) the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs;

e. Removal is timely because no defendant has been served; and

f. The United States District Court for the Southern District of Texas, Houston Division, is the District Court of the United States for the District and Division embracing the place where the Civil State Court Action was filed.

*See* 28 U.S.C. §1332 (a); 28 U.S.C. §1441(a); 28 U.S.C. §1441(b); 28 U.S.C. §1446(a); 28 U.S.C. §1446(b).

## STATEMENT OF GROUNDS FOR REMOVAL

### A. Civil Action Between Citizens of Different States

3. According to Plaintiff's live pleading, Plaintiff is individual residing in Calcasieu Parish, Louisiana.

4. Defendant Signet is a corporation incorporated in the State of Delaware. *See* Exhibit "A" – Public Information Report. Defendant's principal place of business is located at 1300 Post Oak Blvd, Suite 600, Houston, Texas 77056-3059. *Id.* Signet's citizenship for the purpose of removal is Delaware and Texas. Signet has not yet been served.

5. Defendant Signet Maritime Services, Inc. is a corporation incorporated in the State of Delaware. *See* Exhibit "B" – Public Information Report. Defendant's principal place of business is located at 1300 Post Oak Blvd, Suite 600, Houston, Texas 77056-3059. *Id.* Signet Maritime Services, Inc.'s citizenship for the purpose of removal is Delaware and Texas. Signet Maritime Services, Inc. has not yet been served.

6. The Fifth Circuit recently confirmed that § 1441(b)(2) allows for "removal prior to

service on all defendants," also known as "snap removal," irrespective of the presence of a forum-defendant. *Texas Brine Co., L.L.C. v. Am. Arb. Assoc.*, 955 F.3d 482, 485 (5th Cir. 2020) (explaining snap removal allows cases that would otherwise not be removable because they involve one or more forum defendants to be removed to federal court if removal occurs before any forum defendant has been served); *Latex Constr. Co. v. Nexus Gas Transmission, LLC*, CV 4:20-1788, 2020 WL 3962247, at *6 (S.D. Tex. July 13, 2020) ("Construing § 1441(b)(2) to permit a resident of the forum state to snap remove a case before that defendant has been served with process, where that defendant it is the only named defendant, is not an absurd result."). Accordingly, Signet is entitled to remove this matter to federal court prior to the date on which Plaintiff served Signet. *Id.* As no Defendant has yet to be properly joined and served, and there is complete diversity amongst the parties, removal is proper.

**B. The Matter in Controversy Exceeds $75,000 Exclusive of Interest and Costs**

7. The matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. 28 U.S.C. §1446(2) states that "[i]f removal of a civil action is sought on the basis of [diversity] jurisdiction … the sum demanded in good faith in the initial pleading shall be determined to be the amount in controversy." Plaintiff's Original Petition alleges that "[t]the amount in controversy exceeds the sum of $75,000 (seventy-five thousand dollars and no/100), exclusive of interest and costs." *See* Plaintiff's Original Petition, attached as Exhibit "C" at ¶ 29.

**C. Original Subject Matter Jurisdiction Pursuant to 28 U.S.C. §1332(a)/Removal is Proper Pursuant to 28 U.S.C. §§1441(a) and 1441(b)**

8. Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs, the District Courts of the United States have original subject matter jurisdiction of this action. 28 U.S.C. §1332(a). Further, removal to the United States District Court for the Southern District of Texas, Houston Division,

is appropriate as it is the district and division embracing the place where the original action is pending, and no forum defendant has been served. *Texas Brine Co., L.L.C.*, 955 F.3d at 485; *Latex Constr. Co.*, 2020 WL 3962247, at *6; 28 U.S.C. §§1441(a) and (b).

9. Plaintiff incorrectly argues that his lawsuit is not removable simply by virtue of him being a Jones Act seaman. None of the cases cited in Plaintiff's Original Petition stand for the proposition that a maintenance and cure claim, unaccompanied by a Jones Act negligence claim, cannot be properly removed if an independent basis for jurisdiction exists such as 28 U.S.C. §1332.[1] Contrary to Plaintiff's argument, courts have found that maintenance and cure claims are removable when not a Jones Act claim is not pled. *Dowdy v. Am. Dredging Co*., 1983 WL 188036, at *1 (M.D. Fla. Feb. 15, 1983) (finding "a maintenance and cure claim can form the basis for removal" when diversity exists between the parties); *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991) ("We have concluded that admiralty and maritime claims may be removed to federal court . . . where there is complete diversity of citizenship."); *see also* David W. Robertson, Access to State Courts in Transnational Personal Injury Cases: Forum Non Conveniens and Antisuit Injunctions, 68 Tex. L. Rev. 937, 948 (1990) ("General maritime-law claims—the unseaworthiness and maintenance-and-cure claims—would be 'removable if sued upon alone' provided the requisites for diversity removal are present."). Likewise, for a claim to be removable under Section 1441(c), the claim must be both "separate" and "independent" from a non-removable claim. Here there is no non-removable claim because Plaintiff does not plead a Jones Act negligence claim. As

[1] Plaintiff curiously cites to *Morris v. Princess Cruises, Inc*., 236 F.3d 1061 (9th Cir. 2001), a case that does not involve Jones Act negligence or maintenance and cure claims. Plaintiff's citation to *Little v. RMC Pacific Materials, Inc.*, 2005 WL 5095265 (N.D. CA. 2005), *Cornelio v. Premier Pacific Seafood, Inc*., 279 F. Supp. 2d 1728 (sic) (W.D. WA. 2003), *Rafter v. Stevenson*, 680 F. Supp. 2d 278 (D.N. 2010) are also distinguishable from the instant removal as the defendant in all of those cases attempted removal arguing original admiralty jurisdiction under 28 U.S.C. §1331, but not on the basis of diversity under 28 U.S.C. §1332(a).

evidenced by Plaintiff's Original Petition, he suffered his injury off-watch while exiting his vehicle on his way to get a haircut and not while in the service of the vessel. Plaintiff does not assert, and has no basis, for a Jones Act negligence claim because his alleged injury occurred separate and independent from any action of Signet. *See* Exhibit C, at ¶17.

**D. Removal is Timely**

10. This removal is timely filed as thirty days have not elapse from the date of service because no Defendant has been served.

**ATTACHMENTS**

11. Pursuant to 28 U.S.C. §1446(a) and Local Rule 81, Signet attaches copies of the following:

a. An index of matters being filed (Exhibit "D");

b. A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit "E");

c. A copy of the docket sheet (Exhibit "F").[2]

**PENDING MOTIONS**

12. There are no pending motions.

**CONSENT**

13. There are no served parties whose consent is required for removal. Plaintiff has not filed any return of service for any other parties.

**NOTICE TO ADVERSE PARTIES/FILING WITH CLERK OF STATE COURT**

14. Pursuant to 28 U.S.C. §1446(d), promptly after the filing of this Notice of Removal Signet will give written notice of removal to all adverse parties and will file a copy of this Notice

[2] Signet does not attach a copy of executed process in the case as at the time of the filing of this removal no Defendant has been served. There have also been no orders entered by the state court judge.

of Removal with the clerk of the 113th Judicial District Court of Harris County – the court in which the State Court Action was filed.

## CONCLUSION

15. For the stated reasons, Signet Maritime Corporation removes the State Court Action to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**CLARK HILL PLC**



Misha J. Paltiyevich
mpaltiyevich@clarkhill.com
Texas Bar No. 24095695
909 Fannin, Suite 2300
Houston, Texas 77010
Telephone: (713) 951-5600
Facsimile: (713) 951-5660

*Of Counsel:*

**CLARK HILL PLC**
David E. James
Texas Bar No.24032467
djames@clarkhill.com
2615 Calder Avenue, Suite 240
Beaumont, TX 77702
(409) 351-3802
(409) 351-3883

## CERTIFICATE OF SERVICE

I hereby certify that, on the 30th day of December, 2021, a true and correct copy of the above document was forwarded to all parties of record via ECF Electronic Filing, Electronic Mail, Certified Mail, Facsimile, Regular Mail and/or Hand Delivery:

*/s/ Misha J. Paltiyevich*
Misha J. Paltiyevich