United States District Court
Southern District of Texas
**ENTERED**
March 28, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES MORAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-21-4214 |
| | § | |
| SIGNET MARITIME CORPORATION | § | |
| and SIGNET MARITIME SERVICES, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Charles Moran, a Louisiana citizen, sued Signet Maritime Corporation and Signet Maritime Services, both Texas citizens, in Texas state court, seeking maintenance and cure in a seaman's personal injury case. (Docket Entry No. 2, Factual Background ¶ 1). The defendants timely removed to federal court. (Docket Entry No. 1). Moran now moves to remand on the ground that Signet Maritime Corporation is a Texas citizen, so the forum-defendant rule precludes removal. He argues alternatively that removal and "snap removal" are unavailable in a Jones Act seaman case.

Based on the pleadings, the motions and responses, the record, and the law, the court finds that removal was proper and denies the motion to remand. After Moran filed a first amended complaint, (Docket Entry No. 6), the defendants filed an amended motion to dismiss (Docket Entry No. 11). The motion asks the court to consider materials outside the pleadings. To do so, the court would have to treat the motion as one for summary judgment. Because considering the added materials will provide a more secure basis for ruling, the court denies the motion to dismiss without prejudice and treats it as one for summary judgment. The court will allow the parties to supplement

the record and briefs no later than April 7, 2022, before ruling on the motion. The reasons for denying the motion to remand are set out below.

I.     Background

At the time of the incident giving rise to this action, Charles Moran was a captain working for Signet Maritime Corporation on a commercial tug. He tripped and fell in a parking lot in September 2021, the night before he was to board the vessel to begin a new 28 day "hitch" after his 7 days off. He broke his ankle.

Fourteen days later, a port captain telephoned Moran and told him that his employment was terminated. Moran alleges that although he had not sought maintenance and cure for the injury or made any claim to Signet for these benefits, Signet's action was substantially motivated by the fear that he would do so. Signet responds that, as it told Moran at the time, he was fired because Signet had completed its investigation of an August 2021 incident in which a tow Moran was pulling through the Brazos River floodgates struck a floodgate wall and caused over $115,000 in damage. Signet's investigation showed that Moran had failed to "break apart his tow" before navigating the floodgates, as Signet's written procedures required, and instead pulled his barges "strung out," or "end to end." (Docket Entry No. 5 at 3).

In December 2021, Moran sued Signet for maintenance and cure in state court. Nine days later, before Signet was served, it removed to federal court. (Docket Entry No. 1). Moran seeks remand on the basis that "snap removal" by a single forum defendant, in a case asserting a general maritime claim filed by a Jones Act seaman, is improper removal. Signet asserts that diversity jurisdiction is present and that the "snap removal" was proper despite the fact that it is a forum defendant, noting that Moran is not asserting a Jones Act claim.

## II.     The Legal Standard

In general, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). There are exceptions. First, the forum-defendant rule provides that a case over which a federal court has diversity jurisdiction, *see id.* § 1332(a), "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2).  Second, cases brought under the Jones Act are not removable. *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995).

## III.    Removal and Remand

The threshold issue is the propriety of "snap removal" by a single forum defendant who is not yet served at the time of removal. In *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000), the court made it clear that "service of process is not an absolute prerequisite to removal." An action must be commenced against a defendant before removal, but the defendant need not have been served before removal. Snap removal is "jargon for removal prior to service on all defendants." *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020). In *Texas Brine*, the court upheld a non-forum defendant's removal before service on a forum defendant. *Id.* at 487. Texas cases also allow snap removal when a forum defendant removes before it is served. *See, e.g.*, *Serafini v. Southwest Airlines Co.*, 485 F. Supp. 3d 697, 703 (N.D. Tex. 2020); *Latex Constr. Co. v. Nexus Gas Transmission, LLC*, No. 4:20-1788, 2020 WL 3962247, at *6 (S.D. Tex. July 13, 2020). The fact that Signet was a forum defendant did not make its removal before service improper.

Nor does that fact that Moran is asserting a general maritime law claim make removal improper. Moran relies on the general solicitude shown to Jones Act seamen, but he is not

3

asserting a Jones Act claim. Instead, he is asserting a general maritime law claim. The case law is clear that such a claim filed in state court may be removed if diversity jurisdiction is present, even though it could not be removed if combined with a Jones Act claim. *See, e.g.*, *Sanchez v. Smart Fabricators of Texas, L.L.C.*, 997 F.3d 564, 569 (5th Cir. 2021).

In summary, § 1441(b)(2) was meant to be a bright-line rule keyed to whether a forum defendant has been served. *See Texas Brine*, 955 F.3d at 486. Moran offers no persuasive authority as to why the court should depart from *Delgado* and the statutory text to add complexity by limiting the statute's application to non-forum defendants who have not already been served, or to preclude removal if the plaintiff raises any claim, including a maritime claim, and the plaintiff is a Jones Act seaman.

Courts have concluded that § 1441(b)(2) allows snap removal by a forum defendant in a single defendant case. The Fifth Circuit recently held that applying § 1441(b)(2) to allow snap removal by a non-forum defendant was "at least rational" and was not an absurd result. *Texas Brine*, 955 F.3d at 486; *Latex Constr. Co.*, 2020 WL 3962247, at *6.

The Fifth Circuit has relied on cases allowing for snap removal by a forum defendant, including a case in which the removing forum defendant was the sole defendant. *Texas Brine*, 955 F.3d at 486; *see also Gibbons v. Bristol-Meyers Squibb Co.*, 919 F.3d 699, 705 (2nd Cir. 2019). The Fifth Circuit referenced with approval the Third Circuit's reasoning in *Encompass* that a plain reading of § 1441(b)(2) allowing for snap removal by a forum resident who is the sole defendant in the case "gives meaning to each word and abides by the plain language." *Texas Brine*, 955 F.3d at 486–87 (citing *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3rd Cir. 2018)).

The plain language of § 1441(b)(2) allows for removal of suits involving a single defendant who is a resident of the forum state, and such construction is not an absurd result. This application "provide[s] a bright-line rule keyed on service" and is a result that "a reasonable person could intend." *Texas Brine*, 955 F.3d at 486 (quoting *Gibbons*, 919 F.3d at 706). The doctrine that courts must "strictly construe the removal statute and favor remand" does not counsel remand in these circumstances because the statute's unambiguous text dictates a different result. *See Texas Brine*, 955 F.3d at 487 (citing *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007)).

### IV.  Conclusion

The motion to remand, (Docket Entry No. 2), is denied. The motion to dismiss, (Docket Entry No. 4), is moot, and the motion to dismiss the amended complaint, (Docket Entry No. 11), is denied without prejudice, to be reconsidered after the parties have an opportunity to supplement the record to address materials outside the pleadings.

SIGNED on March 28, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge