IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES MORAN, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C.A. NO.: 4:21-cv-04214 |
| | § | |
| SIGNET MARITIME CORPORATION and | § | |
| SIGNET MARITIME SERVICES, INC. | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

COME NOW Defendants SIGNET MARITIME CORPORATION and SIGNET MARITIME SERVICES, INC. ("Signet"), by and through their counsel of record, and file their motion for partial summary judgment as to Plaintiff's claims for wrongful termination and punitive damages.

Respectfully submitted,

**CLARK HILL PLC**

BY: */s/ Mark Freeman*
Mark Freeman
Texas Bar No. 07426600
Southern District of Texas Bar No. 5975
mfreeman@clarkhill.com
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702
T: (409) 351-3802
F: (409) 351-3883
**ATTORNEY-IN-CHARGE FOR DEFENDANTS
SIGNET MARITIME CORPORATION and SIGNET
MARITIME SERVICES, INC.**

**OF COUNSEL:**

David James
Texas Bar No.24032467
Southern District of Texas Bar No. 588556
djames@clarkhill.com
Ashley Ramos
Texas Bar No. 24094096
Southern District Bar No. 3761055
laramos@clarkhill.com
**CLARK HILL PLC**
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702
T: (409) 351-3802
F: (409) 351-3883

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | Background | 5 |
| II. | Issues to be Ruled on by the Court | 5 |
| III. | Summary of Argument | 6 |
| IV. | Summary Judgment Standard | 6 |
| V. | Plaintiff Has No Evidence of Wrongful Discharge | 7 |
| VI. | Plaintiff Cannot Meet His Burden for Punitive Damages Under Maintenance and Cure and Unearned wages | 9 |
| VII. | Conclusion | 11 |

## TABLE OF AUTHORITIES

**CASES**

*Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993) .............................................................. 7

*Atl. Sounding Co., Inc. v. Townsend*, 557 U.S. 404 (2009) ............................................................ 9

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). ...................................................................... 6

*Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994) .......................................................... 7

*Guervara v. Mar. Overseas Corp.*, 59 F.3d 1496 (5th Cir. 1995) ................................................... 9

*Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994) .................................................................................. 7

*In re 4-K Marine, LLC*, 914 F.3d 934, 939 (5th Cir. 2019) .......................................................... 10

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) ...................................................... 7

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73 (1990) ........................................... 7

*Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ........................................................ 7

*Morales v. Garijak, Inc.*, 829 F.2d 1355 (5th Cir. 1987) .............................................................. 10

*S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). ........................................... 7

*Smith v. Atlas Off-Shore Boat Services, Inc.*, 653 F.2d 1057, 1063 (5th Cir. 1981) .................. 7, 8

*Stiles v. Transocean Offshore*, 2002 WL 31049452 (5th Cir. 2002) .............................................. 7

*Zer-llan v. Frankford (In re CPDC, Inc.)*, 337 F.3d 436, 441 (5th Cir. 2003) ............................... 6

**STATUTES**

Fed. R. Civ. P. 56(a) ........................................................................................................................ 6

**RULES**

*5th Circuit Pattern Jury Charge*, §4.9 ............................................................................................. 9

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants, SIGNET MARITIME CORPORATION and SIGNET MARITIME SERVICES, INC. ("Signet") and file their motion for partial summary judgment as to Plaintiff's claims for wrongful termination and punitive damages.

## I.
## BACKGROUND

1. Plaintiff originally filed suit in this case in state district court in Harris County, Texas on December 21, 2021. Signet filed a notice of removal to this Court on December 30, 2021. The basis of the removal was diversity jurisdiction. There is no Docket Control Order in this case. Plaintiff and Defendants have informally conducted discovery in this matter. On June 27, 2022, this Court conducted a status conference in this case and set the discovery deadline as July 19, 2022.

2. Originally, this case was set for a bench trial on July 12, 2022. After the status conference, the Court set this case for a jury trial on August 16, 2022.

3. On March 10, 2022, Plaintiff filed his second amended complaint. Plaintiff's second amended complaint includes claims for maintenance, cure, unearned wages, wrongful termination, punitive damages for defendants' denial of maintenance, cure, and unearned wages, and found.[1]

## II.
## ISSUES TO BE RULED ON BY THE COURT

Issue 1:    Whether there is no genuine dispute as to any material fact in Plaintiff's claim for wrongful discharge?

Issue 2:    Whether there is no genuine dispute as to any material fact that allows Plaintiff to receive punitive damages for his claims of maintenance and cure?

---

[1] See Case 4:21-cv-04214, Document 13, Plaintiff's 2nd Amended Complaint

Issue 3:   Whether Plaintiff is entitled to punitive damages on unearned wages? If so, whether there is no genuine dispute as to any material fact that allows Plaintiff to receive punitive damages for unearned wages?

### III.
### SUMMARY OF ARGUMENT

4. Defendant, Signet Maritime Corporation did not wrongfully discharge Plaintiff when it terminated his employment on October 13, 2021. At the time of Plaintiff's termination, Defendant had no reason to believe that Plaintiff's September 29, 2021 fall, in the rain at a hair salon, would result in claims for maintenance and cure. Plaintiff was terminated for violation of company policies arising from an August 20, 2021 allision while Plaintiff was navigating a Signet vessel.

5. Signet had a reasonable reason for withholding maintenance and cure. Plaintiff cannot show that the failure to pay maintenance and cure benefits was willful and wanton. Unearned wages are derivative of the claim for maintenance and cure. Likewise, Signet had a reasonable reason for withholding the unearned wages. Plaintiff cannot show that the failure to pay unearned wages is willful and wanton.

### IV.
### SUMMARY JUDGMENT STANDARD

6. Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." [2] In resisting summary judgment, "if the moving party meets its burden, the non-movant must designate specific facts showing there is a genuine issue for trial."[3]. When the non-movant fails to submit evidence that raises a fact question,

---

[2] Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[3] *Zer-llan v. Frankford (In re CPDC, Inc.)*, 337 F.3d 436, 441 (5th Cir. 2003)

summary judgment is proper.[4] The non-movant's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."[5] Factual controversies are resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[6] "[T]he non-moving party's burden is not affected by the type of case; summary judgment is appropriate in *any* case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovement.'"[7]

## V.
## PLAINTIFF HAS NO EVIDENCE OF WRONGFUL DISCHARGE

7. Generally, a maritime employer may discharge a seaman for good cause, for no cause, or even a morally reprehensible cause.[8] It is, however, a tort for a maritime employer to discharge a seaman in retaliation for the seaman's exercise of his legal right to file a personal injury action against his employer.[9]

8. The burden is on the Plaintiff to affirmatively demonstrate retaliation. To prevail on a retaliatory discharge claim, "the seaman must affirmatively establish that the employer's decision was motivated in substantial part by the knowledge that the seaman either intends to file, or has already filed, a personal injury claim against the employer.[10] "Proximity in time of the

---

[4] *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996).
[5] *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) quoting *Matsushita v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *Lujan v. National Wildlife Federation,* 497 U.S. 871, 871-73 (1990); *Hopper v. Frank,* 16 F.3d 92 (5th Cir. 1994); and *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994).
[6] *Little*, 37 F.3d at 1075
[7] *Id.* quoting *Armstrong v. City of Dallas,* 997 F.2d 62 (5th Cir. 1993)
[8] *See Smith v. Atlas Off-Shore Boat Services, Inc.*, 653 F.2d 1057, 1063 (5th Cir. 1981)
[9] *Id.*
[10] *Id.* at 1063-64 (footnotes and citation omitted); see also *Stiles v. Transocean Offshore* 2002 WL 31049452 (5th Cir. 2002) (affirming the trial court's finding that plaintiff failed to set forth evidence that defendant's decision to fire him was motivated in substantial part by its knowledge of plaintiff's intent to file a personal injury action).

discharge and the employer's initial awareness of the seaman's personal injury action is one element of proof of the employer's motivation."[11]

9. Plaintiff has offered no competent evidence to show that Signet's decision to terminate his employment was motivated in substantial part by knowledge that he intended to file a personal injury action.

10. Plaintiff was injured when he tripped while running in the rain through the parking lot of a hair salon on September 29, 2021. On October 13, 2021, fourteen days after his running-in-the-rain injury, Captain Joshua M. Macklin, Signet's Senior Manager, Ingleside Fleet & Customer Relations, phoned Plaintiff to advise him that Signet had completed its investigation of an August 20, 2021 allision incident where Plaintiff, while navigating Signet's boat and tow struck a shore-side structure causing substantial damage. Captain Macklin further advised Plaintiff that he was terminated effective immediately based on his failure to follow company policies, amongst other performance issues.[12]

11. Signet's investigation of the August 20, 2021 allision incident revealed that Plaintiff failed to follow explicit protocols for navigating the Brazos river floodgates ("Locks"). Rather than following the procedures in Signet's written policy documents which call for Plaintiff to navigate the intersection of the Brazos River and Gulf Intercoastal Waterway with only one barge at a time, Plaintiff impacted the north wall of the west floodgate after improperly attempting to navigate through the Locks pushing two barges, not one.[13] Based on Plaintiff's failure to comply with company policy, Signet incurred over $100,000 in damages for repairs to the lock wall.

---

[11] *Smith* at fn 21
[12] See Plaintiff's Payroll Status Change attached as Exhibit B to the business records declaration of Joshua Johnson dated January 28, 2022 (Exhibit 1).
[13] See Signet's 08/20/2021 incident report signed by Captain Macklin on October 13, 2021 attached as Exhibit C to the business records declaration of Joshua Johnson dated January 28, 2022.

12. On June 13, 2022, the deposition of Todd Maise was taken. Captain Maise is one of the owners of Southern Fleet Logistics.[14] He is a contracted port captain for Signet.[15] Maise testified that the reason for Moran's termination was the results of the investigation of the Brazos River locks incident.[16]

13. There is no evidence that Plaintiff's termination was as a result of his claim for maintenance and cure. Plaintiff's first claim for maintenance and cure was on December 17, 2021 over two months after he was terminated and almost three months after his fall. Plaintiff filed suit on December 21, 2021 in state court in Harris County, Texas. Prior to Plaintiff's letter on December 17, 2021, Signet had no reason to believe that Plaintiff's fall while on a personal errand would result in a claim for maintenance and cure. Therefore, Plaintiff's claim for wrongful termination should be dismissed.

## VI.
## PLAINTIFF CANNOT MEET HIS BURDEN FOR PUNITIVE DAMAGES UNDER MAINTENANCE AND CURE AND UNEARNED WAGES

14. Punitive damages are presently available under general maritime law only if the employer allegedly willfully and wantonly disregarded its maintenance and cure obligation.[17] A defendant's action is willful or wanton if it is in reckless or callous disregard of, or with indifference to, the rights of the plaintiff.[18] A failure to pay maintenance and cure is reasonable if a diligent investigation indicates that the seaman's claim is not legitimate or if the seaman does not

---

[14] Maise Deposition Page 10, Line 25 and Page 11, Line 6-7.
[15] Maise Deposition Page 12, Lines 10-16
[16] Maise Deposition, Page 48, Lines 3-6
[17] *Atl. Sounding Co., Inc. v. Townsend*, 557 U.S. 404 (2009) (abrogating *Guervara v. Mar. Overseas Corp.*, 59 F.3d 1496 (5th Cir. 1995)).
[18] *See 5th Circuit Pattern Jury Charge*, §4.9

submit medical reports to document his claim.[19] Punitive damages are assessed only for behavior that is egregious.[20]

15. Here, Moran did not make a claim for maintenance and cure until December 17, 2021 and he filed a lawsuit in state court in Harris County, Texas on December 21, 2021.[21] Signet had no reason to believe that Moran's fall would result in a claim for maintenance and cure. Moran was on his own time getting a haircut. Moran spoke with Captain Maise on September 29, 2021, prior to falling, telling Maise that he, Moran, wanted to stop while in route from his home to the Signet docks to get a haircut.[22] Moran broke his ankle at the hair salon, and this was reported by Maise to Signet the day Moran fell. Signet, based on contemporaneous reports from its Port Captain, denied maintenance and cure benefits on the good faith belief that Plaintiff's fall did not occur on Signet premises, a Signet vessel or while Plaintiff was providing service to his employer.

16. Therefore, Plaintiff cannot meet his burden for punitive damages for maintenance and cure and the claim for punitive damages should be dismissed.

17. Plaintiff's claims for unearned wages are derivative of his maintenance and cure claims[23]. Just as Plaintiff cannot show that Signet's denial of the maintenance and cure benefits is willful and wanton, the claim for punitive damages related to failure to pay unearned wages must also fail.

---

[19] *Morales v. Garijak, Inc.*, 829 F.2d 1355 (5th Cir. 1987), abrogated on other grounds by *Townsend*, 557 U.S. 404.
[20] *In re 4-K Marine, LLC,* 914 F.3d 934, 939 (5th Cir. 2019)
[21] Moran Deposition, Page 92, Lines 22-25 through Page 93, Lines 1-4 and Page 94, Lines 3-14.
[22] Moran deposition Page 71, Lines 4-13; Page 72, Lines 6-13; Page 76, Lines 19-25 and Page 77, Line 1-4 and Maise Deposition page 49, lines 21-25 and Page 50, Lines 1-15.
[23] See, *e.g., Smith v. Atlas Off-Shore Boat Services, Inc.,* 653 F. 2d 1057 (5th Cir. 1981)

## VII.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court dismiss the claims against Signet Maritime Corporation and Signet Maritime Services, Inc. for Wrongful Termination, dismiss the claims for punitive damages, and for such other and further relief to which are entitled.

Respectfully submitted,

**CLARK HILL PLC**

BY: */s/ Mark Freeman*
Mark Freeman
Texas Bar No. 07426600
Southern District of Texas Bar No. 5975
mfreeman@clarkhill.com
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702
T: (409) 351-3802
F: (409) 351-3883
**ATTORNEY-IN-CHARGE FOR DEFENDANTS SIGNET MARITIME CORPORATION and SIGNET MARITIME SERVICES, INC.**

**OF COUNSEL:**

David James
Texas Bar No.24032467
Southern District of Texas Bar No. 588556
djames@clarkhill.com
Ashley Ramos
Texas Bar No. 24094096
Southern District Bar No. 3761055
laramos@clarkhill.com
**CLARK HILL PLC**
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702
T: (409) 351-3802
F: (409) 351-3883

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 8, 2022, a true and correct copy of the foregoing *Notice of Additional Counsel* was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                     */s/ Mark Freeman*
                                     MARK FREEMAN