United States District Court
Southern District of Texas
**ENTERED**
August 05, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES MORAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-cv-04214 |
| | § | |
| SIGNET MARITIME CORPORATION | § | |
| and SIGNET MARITIME SERVICES, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Charles Moran, a Louisiana citizen, sued Signet Maritime Corporation and Signet Maritime Services, both Texas citizens, in Texas state court, seeking maintenance and cure in a seaman's personal injury case. On September 29, 2021, Moran reported to his vessel for a 28-day hitch. The port captain informed him that his assigned vessel was not departing as scheduled due to poor weather, and gave him permission to go get a haircut and pick up groceries for the ship's crew. Moran broke his ankle in the parking lot of the parking lot of the hair salon and could not work on the vessel for the 28-day hitch. Moran seeks payment for maintenance and cure due to this injury.

The defendants move for summary judgment on Moran's punitive damages claim.[1] Based on the pleadings; the motion, response and reply; the applicable law; and the arguments of counsel, the defendants' motion for summary judgment, (Docket Entry No. 39), is granted as to punitive damages.

---

[1] The defendants also moved for summary judgment on Moran's wrongful termination claim, which the court denied. (Docket Entry No. 42).

**I.**     **Summary Judgment Standard**

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd ex rel. Est. of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting Fed. R. Civ. P. 56(a)). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018) (citations and internal quotation marks omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Lamb v. Ashford Place Apartments LLC*, 914 F.3d 940, 946 (5th Cir. 2019) (citation and internal quotation marks omitted). In deciding a summary judgment motion, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor." *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 972 (5th Cir. 2019) (alterations omitted) (quoting *Tolan v. Cotton*, 572 U.S. 650, 656 (2014)).

**II.     Analysis**

If a seaman "becomes ill or suffers an injury while in the service of a vessel," regardless of which party is to blame, his Jones Act employer owes him "an absolute, non-delegable duty" to pay "a 'per diem living allowance for food and lodging,' " which is called "maintenance," as well as "payment for medical, therapeutic, and hospital expenses," which is called "cure." *Bertram v. Freeport McMoran, Inc.*, 35 F.3d 1008, 1011–13 (5th Cir. 1994) (citations omitted); *see also Armstrong v. Trico Marine, Inc.*, 923 F.2d 55, 58 n.2 (5th Cir. 1991). If a third-party "partially or wholly caused the seaman's injury," the employer can recover the maintenance and cure payments from it. *Bertram*, 35 F.3d at 1013.

Punitive damages are available if the employer willfully and wantonly fails to pay maintenance and cure. *Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 407 (2009). Punitive damages and attorney's fees are assessed only for behavior that is egregious. *In re 4-K Marine, L.L.C.*, 914 F.3d 934, 938 (5th Cir. 2019). The Fifth Circuit has explained:

> [T]here is an escalating scale of liability: a shipowner who is in fact liable for maintenance and cure, but who has been reasonable in denying liability, may be held liable only for the amount of maintenance and cure. If the shipowner has refused to pay without a reasonable defense, he becomes liable in addition for compensatory damages. **If the owner not only lacks a reasonable defense but has exhibited callousness and indifference to the seaman's plight, he becomes liable for punitive damages and attorney's fees as well**.

*Morales v. Garijak, Inc.*, 829 F.2d 1355, 1358 (5th Cir. 1987) (emphasis added). "The seaman's right to maintenance and cure is balanced with his employer's interests by allowing the employer to investigate and reasonably withhold payment." *In re 4-K Marine, L.L.C.*, 914 F.3d at 938–39.

The defendants argue that Moran cannot show that the failure to pay was willful because there is no evidence that they knew he would seek maintenance and cure when they fired him. Moran slipped and fell at a hair salon on September 29, 2021. Moran was fired on October 13,

3

2021, after an internal investigation in an unrelated incident. (Docket Entry No. 39-1 at 5–7). There is no evidence supporting an inference that the defendants believed Moran would file a claim for maintenance and cure until he filed a claim for it on filed December 17, 2021. This lawsuit was filed on state court on December 21, 2021. Moran testified that he never sent a letter, text, or email between the day he was injured and the day he filed this lawsuit asking Signet to pay for maintenance and cure. (Docket Entry No. 39-4 at 8–9). He did not fill out an incident report for his injury. (Docket Entry No. 39-4 at 7). He has not pointed to evidence that the captain should have known that he would be seeking payment for medical care. He only points to evidence that he needed the medical care for a broken ankle and it has not been provided to date. (Docket Entry No. 45-1 at 3).

Moran points to evidence that he was not paid for his 28-day hitch, that he was on the clock when he got a haircut because he was also intending to buy groceries for the crew, and that he was obligated to return to the boat if needed. (Docket Entry No. 45-2). Moran points to evidence that the grocery store was next to the hair salon he visited and that he told the ship's captain about his injury when it occurred. (Docket Entry No. 45-4 at 2; Docket Entry No. 45-2 at 11). The evidence does not support an inference that the defendants exhibited callousness and indifference to Moran's injuries. There is no basis to submit punitive damages to a fact finder. As a matter of law, Moran cannot recover punitive damages.

## III.     Conclusion

The motion for summary judgment as to punitive damages, (Docket Entry No. 39), is granted.

SIGNED on August 5, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge