United States District Court
Southern District of Texas
**ENTERED**
August 29, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES MORAN, § § Plaintiff, § § v. § SIGNET MARITIME CORPORATION and § SIGNET MARITIME SERVICES, INC., § § Defendants. § § § § | CIVIL ACTION NO. H-21-04214 |

**MEMORANDUM OPINION AND ORDER**

Charles Moran moves for reconsideration, (Docket Entry No. 56), of the court's prior order partially granting Signet Maritime Corporation and Signet Maritime Services, Inc.'s motion for partial summary judgment. (Docket Entry No. 53). Signet Maritime opposes the motion. (Docket Entry No. 73).

The court previously ruled that Moran could not, as a matter of law, seek punitive damages for his claims. (Docket Entry No. 53). Moran argues that the court erred by failing to consider separately each of his three bases for seeking punitive damages. (Docket Entry No. 56 at 1). In response, Signet Maritime states that Moran's arguments regarding punitive damages are "based on new theories that were never presented or argued before the court," were not specifically pleaded, and do not introduce any new facts that should cause reconsideration. (Docket Entry No. 73 at 2–3).

Moran first argues that the jury should be permitted to consider punitive damages for his claim that Signet Maritime wrongfully denied his claim for maintenance and cure. He argues that, because "it is undisputed that Defendant has provided no Maintenance and/or Cure benefits whatsoever to Plaintiff, . . . if the jury finds that Plaintiff is entitled to Maintenance and/or Cure

benefits, then the jury should be permitted to determine whether Defendant was willful and intentional in denying those benefits." (Docket Entry No. 56 at 2).

Punitive damages for failure to pay maintenance cure are available "if the employer willfully and wantonly fails to pay maintenance and cure. *Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 407 (2009) (emphasis added). "Willful and wanton," as Moran noted in his opposition to Signet Maritime's motion for partial summary judgment, describes a "recklessness" standard. (Docket Entry No. 45 at 6). The summary judgment record demonstrated no evidence that Signet Maritime's failure to pay maintenance and cure was "willful and wanton." It is undisputed Moran fell while getting a haircut, which Signet Maritime did not believe occurred while Mr. Moran was acting in the service of the vessel. Moran gave no indication that he would seek maintenance and cure until after Signet Maritime had terminated his employment, more than a month after his injury, and just days before filing this lawsuit. On those undisputed facts, the court concluded that there was no factual dispute material to determining that Signet Maritime was not willful and wanton is denying his request for maintenance and cure. Summary judgment was therefore proper. *Cf. Heaney v. Roberts*, 846 F.3d 795, 803 (5th Cir. 2017) ("Although in many instances a factual dispute . . . will preclude summary judgment on punitive damages, it will not when there is no material question of fact as to the reckless nature of the defendant's conduct.").

Next, Moran argues that the jury should be permitted to consider punitive damages on his claim that Signet Maritime was "willful and intentional" in failing to pay unearned wages. (Docket Entry No. 56 at 2). Claims for unearned wages are derived from claims for maintenance and cure. *Atl. Sounding*, 557 U.S. at 413 (observing that "maintenance and cure . . . include[s] medical expenses, a living allowance, and unearned wages"). Moran's inability to point to evidence raising

a factual dispute material to punitive damages for his maintenance and cure claim precludes him from seeking punitive damages for his claim for unearned wages.

Finally, Moran states that punitive damages ought to be available on his wrongful discharge claim. But the case he cites held that punitive damages are not available for a claim for wrongful discharge. *See Smith v. Atlas Off-Shore Boat Serv., Inc.*, 653 F.2d 1057, 1064 (5th Cir. 1981) ("[W]e conclude that, while the balance weighs in the seaman's favor on the question of the recognition of the claim for retaliatory discharge, the scales tilt against the imposition of punitive damages.") (quoted in Docket Entry No. 56 at 3). Moran has not cited, and the court has not found, Fifth Circuit authority to the contrary.

The court denies Moran's motion for reconsideration. (Docket Entry No. 56).

SIGNED on August 29, 2022, at Houston, Texas.

                                                   Lee H. Rosenthal
                                                   Chief United States District Judge