**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHARLES MORAN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. NO.: 4:21-cv-04214** |
| | § | |
| **SIGNET MARITIME** | § | |
| **CORPORATION and SIGNET** | § | |
| **MARITIME SERVICES, INC.,** | § | |
| **Defendants.** | § | |

# PLAINTIFF'S MEMORANDUM OF LAW

COMES NOW Plaintiff, CHARLES MORAN (sometimes herein "Capt. Moran"), by and through his counsel, files this his Plaintiff's Memorandum of Law ("Memo"), and respectfully submits the following to the Honorable Court:

## I. NATURE AND STAGE OF PROCEEDINGS

On August 30, 2022, the Court held the Final Pretrial Conference in this case. Due to Plaintiff's ongoing medical care and recently diagnosed illnesses, this Court bifurcated the case. The issues of whether Plaintiff was in the service of the vessel when he was injured and whether he was wrongfully terminated were tried to the jury. The remaining Maintenance and Cure related claims would be tried to the bench at a later determined date.

On August 30, 2022, the parties began the jury trial, which lasted approximately three days. On September 1, 2022, the jury reached a verdict in favor of Plaintiff. The jury found that Plaintiff was in the service of the vessel on September 29, 2021, when he fell and fractured his foot/ankle, and that Plaintiff was not wrongfully terminated by Defendant.

On September 7, 2022, the Court set the Bench Trial for November 3, 2022, at 9:00 AM. On September 28, 2022, upon Plaintiff's request, the Court set a Pre-Motion Conference for October 6, 2022, which was later reset for October 13, 2022. On October 13, 2022, the Court held a Pre-Motion Conference and ordered the parties to submit briefs addressing

Plaintiff's experts and the evidence of additional injuries stemming from or after the subject fall.

Plaintiff now files this his Memorandum of Law pursuant to the Court's order.

## II. STATEMENT OF THE ISSUES TO BE RULED ON

(1) Whether Plaintiff is entitled to Maintenance and Cure benefits and related damages for injuries diagnosed after his initial foot/ankle injury, which occurred while in the service of the vessel, and before maximum medical improvement has been reached for that initial injury; thus, allowing him to present evidence related to the additional injuries.

## III. STATEMENT OF MATERIAL FACTS

A narrative, detailing the chronology of Plaintiff's injuries/diagnoses, the treating physicians for those injuries/diagnoses, the date Plaintiff designated and/or disclosed the physicians' names to Defendant, whether a report or records have been provided to Defendant, and the substance of the proposed physicians' testimony, is attached hereto as **Exhibit A**.

## IV. STANDARD OF REVIEW

### A. Maintenance and Cure Must be Liberally Construed for the Benefit and Protection of Seamen, so that Any Ambiguities or Doubts Should be Resolved in Favor of the Seaman.

No matter how the doctrine is formulated, one thing is abundantly clear—the duty of Maintenance and Cure exists for the benefit of seamen. *Messier v. Bouchard Transp.*, 688 F.3d 78, 83 (2d Cir. 2012). As such, the Supreme Court instructs the courts to be "liberal in interpreting this duty for the benefit and protection of seamen who are [the admiralty courts'] wards." *Id*. (quoting *Vaughn v. Atkinson*, 369 U.S. 527, 531-32 (1962)); *Calmar S.S. Corp. v. Taylor*, 303 U.S. 525, 529 (1938). "The policy underlying a broad maintenance and cure doctrine is 'the almost paternalistic duty' admiralty law imposes on a shipowner toward the crew. *Messier v. Bouchard Transp.*, 688 F.3d 78, 82 (2d Cir. 2012) (citation omitted). "[T]he breadth and inclusiveness of the shipowner's duty assure its easy and ready administration for '[i]t has few exceptions or conditions to stir contentions, cause delays, and invite litigations.'" *Vella v. Ford Motor Co.*, 421 U.S. 1, 4 (1975) (quoting *Farrell*, 336 U.S. at 516). Maintenance and Cure benefits should be afforded as long as there is any ambiguity or uncertainty about the

continuation of that status. *Vaughn*, 369 U.S. at 531-32 (emphasis added); *accord Farrell v. United States*, 336 U.S. 511, 516 (1949). "[T]he nature and foundations of the liability require that it be not narrowly confined or whittled down by restrictive and artificial distinctions defeating its broad and beneficial purposes." *Aguilar*, 318 U.S. 724, 735 (1943).

## V. ARGUMENT AND AUTHORITY

Maintenance and Cure benefits are among the most pervasive incidents of the responsibility anciently imposed upon a shipowner in favor of a seaman who becomes ill, injured, or incapacitated, or whose condition is aggravated or enhanced for any reason, until the seaman has reached maximum medical improvement ("MMI"). *See Vaughn v. Atkinson*, 369 U.S. 527 (1962) (emphasis added); *see,* e.g., *Aguilar v. Standard Oil Co.*, 318 U.S. 724 (1943). The seaman's injuries need not result from or be in any way related to his shipboard duties. *Taylor*, 303 U.S. 525, 527 (1938); *see Gauthier v. Crosby Marine Services, Inc.*, 499 F. Supp. 295 (E.D. La. 1980).

### A. SIGNET OWES CAPT. MORAN MAINTENANCE AND CURE FOR ALL INJURIES THAT OCCUR WHILE RECEIVING CURE PURSUANT TO THE GENERAL MARITIME LAW.

Signet, the seaman's employer, is obligated to provide Maintenance and Cure benefits to Capt. Moran for all injuries, including but not limited to, those which occurred after Capt. Moran's injuries sustained on September 29, 2019—because under the laws they occurred while Capt. Moran was in the service of the vessel—since he remains in the service of the vessel and has yet to reach MMI.

When a seaman is receiving Maintenance and Cure benefits and has yet to reach MMI, the seaman is still in service of the vessel and entitled to Maintenance and Cure benefits for any additional injuries incurred. *Duarte v. Royal Caribbean Cruises*, 761 So. 2d 367 (Fla. Dist. Ct. App. 2000) (emphasis added). A seaman receiving Cure, whether on the ship or off, is in the service of the vessel. *Cawley v. United States*, 272 F.2d 443, 445 (2d Cir. 1959). In *Duarte v. Royal Caribbean Cruises*, the court followed the Supreme Court's liberal interpretation of the "in the service of the vessel" standard in holding that *Duarte* was entitled to Maintenance

and Cure benefits for injuries sustained in a car wreck while she was onshore receiving Cure for prior maritime-related injuries. 761 So. 2d 367 (Fla. Dist. Ct. App. 2000). The court reasoned that the seaman was still in the service of the vessel and entitled to Maintenance and Cure because at the time of the car wreck, she was receiving Maintenance and Cure benefits and she had yet to reach MMI. *Id*.

Similarly, in *Gauthier v. Crosby Marine Services, Inc.*, 499 F. Supp. 295 (E.D. La. 1980), the court held that a seaman was entitled to Maintenance and Cure benefits for a groin injury—that occurred while in the service of the vessel—<u>and two unrelated injuries</u>, later discovered while treating his groin injury. *Gauthier v. Crosby Marine Services, Inc.*, 499 F. Supp. 295 (E.D. La. 1980) (emphasis added). In *Gauthier*, a seaman's prior groin injured flared up and subsequently required surgery to correct a hydrocele/hernia problem. *Id*. at 297-98. During pre-operative testing for the groin, an unknown and life-threating heart condition was revealed that required open-heart bypass surgery to correct. *Id*. at 298. While convalescing at home following his heart surgery, the seaman developed a disease that was unrelated to either the groin or the heart condition. *Id*. After a lengthy recitation of maritime law, the court reasoned that "a vessel owner is obligated to furnish a seaman with maintenance and cure benefits with respect to an injury or illness that occurs or manifests itself while the seaman is in the service of the vessel." *Id*. at 299.

Furthermore, a seaman is entitled to Maintenance and Cure benefits for a cancer diagnosis when his injury occurs in the service of the ship but does not present symptoms until his service is over. *Messier v. Bouchard Transp.*, 688 F.3d 78 (2d Cir. 2012). In *Messier*, the U.S Court of Appeals for the Second Circuit held that a seaman was entitled to Maintenance and Cure benefits for cancer when a seaman injured his back climbing down a ladder, and the resulting medical examinations revealed that the seaman had lymphoma, months after his service on the vessel. *Id*. at 81. The Court stated that the general rule is that <u>Maintenance and Cure benefits are available to a seaman for *any* injury or illness that occurs while in the service</u>

of the vessel. *Id*. at 88 (emphasis added). All that matters is when the injury occurred, not when it started to present symptoms. *Id*. at 81.

Here, it has been determined—at a minimum—that Plaintiff suffered a broken ankle while in the service of the vessel. Therefore, under a liberal interpretation of General Maritime Law as the Supreme Court instructs, Plaintiff is entitled to receive Maintenance and Cure benefits for his additional injuries, which occurred or arouse while in the service of the ship. Like the seamen in *Duarte* and *Gauthier*, Plaintiff was onshore, receiving medical care for his injuries and Plaintiff has yet to reach MMI when Plaintiff's "new" injuries and/or illnesses occurred. Like *Messier*, Plaintiff was injured while in the service of the vessel, and the resulting medical examinations revealed a much more serious injury or illness, Plaintiff's MGUS/Multiple Myeloma diagnosis, shoulder injury, and lumbar injury that may require surgical intervention. These new injuries and/or illnesses occurred while in the service of the ship, such that Plaintiff is entitled to Maintenance and Cure benefits for all his injuries.

## VI. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that he be allowed to introduce evidence regarding his new and more serious injuries that occurred while in the service of the ship, because he was receiving medical care for a different maritime injury and had not reached MMI, for the foregoing reasons. Plaintiff also seeks all other relief to which he is entitled, at law, in equity, and in Admiralty, particularly given his unique position as a "ward of the Admiralty Court" in this matter.

Dated: October 21, 2022.

Respectfully submitted,

**HERD LAW FIRM, PLLC**

By: ______________________

Charles F. Herd
Fed ID 2793 | TBA # 09504480
Brandon C. Francis
Fed ID 3486302 | TBA # 24107074
19500 Tomball Parkway | Suite 250
Houston, Texas 77070
713.955.3699 (Tel.)

281.462.5180 (Fax)
charles.herd@herdlawfirm.com
brandon.francis@herdlawfirm.com
***ATTORNEYS FOR PLAINTIFF***
***CAPTAIN CHARLES MORAN***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing pleading on this 21st day of October, 2022, and that a true and correct copy of the foregoing will be served on all counsel of record via Electronic Case Filing System of the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

Brandon C. Francis