**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHARLES MORAN** *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CAUSE NO.: C.A. 4:21-cv-04214** |
| | § | |
| **SIGNET MARITIME CORPORATION** *Defendant.* | § | |
| | § | |

**DEFENDANT'S BRIEF REGARDING NEW WITNESSES SOUGHT BY PLAINTIFF**

Signet Maritime Corporation, Defendant, provides this brief pursuant to the Court's instructions and October 13, 2022 minute entry.

## I.
## Jury Determined Liability Based on Ankle Fracture

This case is unique because it was bifurcated due to Plaintiff's failure to timely designate physicians. The jury was informed multiple times that this claim involved an ankle fracture; not a back injury or spine complaints. Conceivably the verdict may have been different if the jury had known of Mr. Moran's ever-expanding list of complaints and Defendant is prejudiced if the Court now allows that expansion when Plaintiff never reported any back pain or spine-related complaints until August 25, 2022. Attached as Exhibit No. 1 is Dr. Kindl's August 25, 2022 exam note which was provided to defense counsel on August 29, 2022. This is Moran's first complaint of back pain to any health care provider subsequent to his September 29, 2021 ankle fracture.

## II.
## Injury Must Be Temporally Connected to Trauma

Maintenance and cure benefits are triggered when a seaman is injured or becomes ill while in the service of the vessel. A jury determined that Moran was in the service of the vessel when he

fell and broke his ankle on September 29, 2021. Plaintiff's lawsuit is not based on tort but limited only to maintenance and cure benefits so Moran must show that his alleged back injuries are temporally connected to the fall on September 29, 2021. Moran never complained of any back pain until nearly eleven months after his ankle fracture. Timing of these complaints is critical. "The inquiry is not one of causation, but of timing: did the illness for which the seaman seeks maintenance and cure begin or become aggravated while he was 'serving the ship?" *Ramirez v. Carolina Dream, Inc.*, 760 F.3d 119 (1st Cir. 2014) citing *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001). Here, the only physical complaints raised by Moran or his lawyers was the ankle fracture. See Exhibit No. 2, letter dated November 5, 2021 and Exhibit No. 3, letter dated December 17, 2021 from Moran's lawyers. Moran never raised the specter of a back injury until after the jury determined liability nearly eleven months after his fall at Diva's Hair Salon.

In *Semien v. Parker Drilling Offshore,* No. 14-1087, 2016 WL 112727 (2016 W.D. Louisiana), Plaintiff sought additional maintenance and cure benefits for depression and insomnia a year after the initial determination of maximum medical improvement for his traumatic knee injury. The court determined that Plaintiff had not shown that his insomnia and depression arose "while in the service of the vessel." 2016 WL 112727. Implicit in Judge Doherty's *Semien* ruling is that there must be a temporal connection between the initial injury that occurred in the service of the vessel and the newly claimed injuries. Moran sued Signet for failure to pay M&C benefits arising from the ankle fracture detailed in his lawyer's letters of November 5, 2021 and December 17, 2021. No back injury, no shoulder injury but only an ankle injury formed the basis of the pre-suit demands and the Original Complaint. As detailed in Dr. Brian Kindl's (treating orthopedic specialist) October 18, 2022 deposition (transcript pending) the back issue was, "A new complaint he [Moran] came up with [in August 2022]." Expansion of Moran's complaints beyond what the

jury was informed results in clear prejudice to the Defendant and these complaints came long after Signet was notified and sued over the ankle fracture.

## III.
## No Cure Benefits for Indefinite Period

Cure entitles a seaman to necessary medical services. *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1499 (5th Cir. 1995). Maximum medical cure is achieved when Moran recovers from the injury or when the condition permanently stabilizes or when it cannot be improved further. *Vella v. Ford Motor Co.*, 421 U.S. 1 (1975). Permanency and a consequent finding of maximum cure exists where the seaman's condition is "incurable." Under such circumstances, "the shipowner has no further liability, whether or not the patient requires additional treatment to restrain degeneracy or relieve pain." *Haney v. Miller's Launch, Inc.*, 773 F. Supp. 2d 280, 290-91 (E.E.N.Y. 2010) see also *Stemmle v. Interlake Steamship Co.,* CV 15-497, 2022 WL 3155137 (E.D.N.Y. August 8, 2022). A vessel owner need not pay for medical treatment which will be only palliative or only reduce pain. Where it appears that the condition is incurable or that further treatment will merely relieve pain and suffering and not otherwise improve the physical condition, it is proper to declare the point of maximum cure. *Pelotto v. L & N Towing Co.*, 604 F.2d 396, 400 (5th Cir. 1979).

If at the time of the trial the seaman has not reached the maximum cure possible, the court in its discretion may award him "such amounts as may be needful in the immediate future for the maintenance and cure of a kind and for a period which can be definitely ascertained." *Calmar S. S. Corp. v. Taylor*, 303 U.S. 525 (1938). Determination of cure needed in the immediate future is key because a lump sum award for extended, future cure is not typically permitted. See, *Dupre v. Otis Eng'g Corp.*, 641 F.2d 229, 234 n. 6 (5th Cir. 1981).

## IV.
## Late Designated Retained Expert

Discovery on this matter closed July 19, 2022. A jury trial commenced on August 31, 2022 and a verdict was returned on September 2, 2022. On September 23, 2022, Plaintiff served Signet with Plaintiff's Second Supplemental Disclosures where a retained expert Aaron Wolfson, Ph. D. was identified. Plaintiff failed to provide a report—and still has not provided Wolfson's report—with the September 23, 2022 disclosures and Wolfson should not be permitted to testify. If a party fails to identify witnesses as required by Rule 26(a) or (e), then the party is not allowed to use that witness to supply evidence on a motion, at hearing, or at trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). This "self-executing sanction" does not require a motion under Rule 37(a)(2)(A). *See* Commentary for Fed. R. Civ. P. 37

## V.
## Conclusion

The September 2, 2022 verdict was premised on, and intractably linked to, what the panel and the jury were told concerning Moran's injury, a broken ankle. If the Court permits the Plaintiff to expand his universe of damages beyond the two notice letters from his counsel and beyond the allegations of Moran's live pleading, then the hard work of the jury and the verdict it rendered are jeopardized. Discovery on this matter closed July 19, 2022 and Plaintiff failed to timely disclose experts and physicians. Those individuals should not be permitted to testify.

**CLARK HILL PLC**

*/s/ Mark Freeman*
**MARK FREEMAN**
David E. James
Texas Bar No.24032467
Southern District of Texas Bar No. 588556
djames@clarkhill.com

Mark Freeman
Texas Bar No. 07426600
Southern District of Texas Bar No. 5975
mfreeman@clarkhill.com
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702
T: (409) 351-3802
F: (409) 351-3883

**ATTORNEYS FOR DEFENDANTS SIGNET MARITIME CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2022, a true and correct copy of the foregoing *Defendant's Brief* was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Mark Freeman*
MARK FREEMAN