United States District Court
Southern District of Texas
ENTERED
May 23, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHARLES MORAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-21-4214 |
| | § | |
| SIGNET MARITIME CORPORATION, | § | |
| | § | |
| Defendant. | § | |

# FINAL JUDGMENT

In accordance with the court's April 17, 2023 memorandum and order, (Docket Entry No. 156), and after considering the parties' submissions, (Docket Entry Nos. 158, 159, 160, 161),[1] the court orders, as its final judgment, that Signet Maritime Corporation is liable to Captain Charles Moran in the following amounts:

1. $16,300.00 in unpaid wages;
2. $15,346.10 in maintenance;
3. $18,563.19 in cure[2]; and

---

[1] To the extent Moran's memorandum regarding his medical expenses may be construed as a motion for reconsideration of the court's memorandum and order denying relief for his other medical conditions, (Docket Entry No. 158 at 5), the motion is denied.

[2] Signet disputes that Moran is entitled to amounts due to the third-party payor, Justice Medical Funding, for certain medical services. Moran is contractually liable for those amounts. Signet points to *Manderson*, in which the Fifth Circuit addressed the "actually incurred" standard. There, the seaman paid the entirety of his health insurance premiums. *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 381 (5th Cir. 2012). In the maintenance-and-cure context, "the shipowner is not entitled to a set-off from the maintenance and cure obligation moneys the seam[a]n receives from his insurer." *Id.* (quoting reference omitted). In that situation, the seaman was entitled—for cure—to only the amount "*the providers accepted as full payment from* [the plaintiff's] *insurer*." *Id.* at 382. The court held that "the relevant amount"—the measure of "actually incurred" expenses—"is that needed to satisfy the seaman's medical charges." *Id.* The situation confronted by the court here is different. Justice Medical is not an insurer and will seek to recover from Moran the full balance for services, not merely a predetermined copayment. The arrangement between Moran and Justice Medical is materially different than that between an insured and his insurer. Dr. Schwartzmeyer's testimony as to the reasonableness of Dr. Kindl's charges does not bear on whether Justice Medical will be able to obtain discounts from the providers in those amounts. In this situation, the

4. $594.49 in mileage.

The total of these amounts is **$50,803.78**. Post-judgment interest on this amount will accrue at the rate of 4.91%[3] from the date of entry of this judgment until paid, compounded annually. 28 U.S.C. § 1961(b).

This is a final judgment. Each party is to bear its own costs and fees.

SIGNED on May 23, 2023, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

amount charged by the providers to Justice Medical, and for which Moran is liable to pay Justice Medical, is a reasonable measure of expenses actually incurred.

[3] *See* https://www.txs.uscourts.gov/page/post-judgment-interest-rates (providing the post-judgment interest rate for judgments entered from May 22, 2023 through May 28, 2023).